UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT L. MARTIN, Jr.**

    **Plaintiff,**

                                    **Civil No: 5:09-CV-12724**
                                    **HON. JOHN CORBETT O'MEARA**

v.

**C. ZYCH, et. al.,**

    **Defendants,**
_____/

**OPINION & ORDER OF SUMMARY DISMISSAL**

### I. Introduction

Robert L. Martin, Jr., ("Plaintiff"), presently confined at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, plaintiff's complaint is dismissed for failing to state a claim upon which relief can be granted.

### II. Standard of Review

The Court initially notes that plaintiff's § 1983 lawsuit names three persons who work for the federal government as defendants. 42 U.S.C. § 1983 does not apply to actions against federal officials, because they are not state actors acting under color of state law. *See Halter v. Eichenlaub*, 566 F. Supp. 2d 649, 651 (E.D. Mich. 2008). However, a plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *Id.,* (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971)). A *Bivens* action is considered the federal counterpart of a Section 1983 action. *Shannon v. General Electric Co*, 812 F. Supp. 308,

1

322 (N.D.N.Y. 1993). Because plaintiff is alleging that his constitutional rights were violated by persons acting under color of federal law, plaintiff's § 1983 complaint is properly construed as a *Bivens* action. *See Sullivan v. United States,* 90 Fed. Appx. 862, 863 (6th Cir. 2004).

Under the Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should sua sponte dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997). The screening provisions of the PLRA are applicable to *Bivens* actions brought by federal inmates. *See e.g. Plunk v. Givens,* 234 F. 3d 1128, 1129 (10th Cir. 2000); *See also Diaz v. Van Norman,* 351 F. Supp. 2d 679, 680-81 (E.D. Mich. 2005).

### III. Complaint

Plaintiff alleges that the defendants have denied him adequate medical care for an unspecified medical problem. Plaintiff further alleges that the defendants have deprived him of an unspecified medication that had been prescribed to him by a dermatologist at another prison, presumably for this unspecified medical problem. Plaintiff seeks monetary damages and declaratory relief.

### IV. Discussion

Under the Eighth Amendment to the U.S. Constitution, prison officials must provide

adequate medical care to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Brooks v. Celeste*, 39 F. 3d 125, 127 (6th Cir. 1994). The Eighth Amendment prohibition against unnecessary and wanton infliction of pain is violated when there is deliberate indifference to the serious medical needs of an inmate. *Hicks v. Grey*, 992 F. 2d 1450, 1454-1455 (6th Cir. 1993).

The test to determine whether prison or jail officials have been deliberately indifferent to an inmate's serious medical needs, in violation of the Eighth Amendment prohibition against cruel and unusual punishment, has an objective and subjective component. *Napier v. Madison County, Ky.*, 238 F. 3d 739, 742 (6th Cir. 2001)(*citing to Brown v. Bargery,* 207 F. 3d 863, 867 (6th Cir. 2000)). The objective component requires an inmate to show that the alleged deprivation is sufficiently serious, and poses a substantial risk of serious harm. The subjective component is satisfied if the inmate shows that prison officials had a "sufficiently culpable state of mind." *Napier v. Madison County, Ky.,* 238 F. 3d at 742 (*citing to Farmer v. Brennan,* 511 U.S. at 834).

In the present case, plaintiff's complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Plaintiff does not allege facts which would support a finding of deliberate indifference to his medical needs on the part of the defendants. Conclusory allegations by a prisoner of medical indifference on the part of prison officials is insufficient to state a claim for relief. *See Parker v. Michigan Dept. of Corrections,* 65 Fed. Appx. 922, 923 (6th Cir. 2003); *See also Hix v. Tennessee Dept. of Corrections,* 196 Fed. Appx. 350, 357 (6th Cir. 2006). Plaintiff's allegations that the defendants have denied him adequate medical treatment is insufficient to state a claim for deliberate indifference to the plaintiff's needs, because plaintiff has failed to offer any specifics or indicate the deficiencies with his medical treatment or care.

*See Smith v. Yarrow,* 78 Fed. Appx. 529, 537-38 (6th Cir. 2003). Because plaintiff has failed to specify what his medical problem was or what type of medical treatment was required or denied, he has failed to state a claim upon which relief can be granted.

### V.  CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

>     s/John Corbett O'Meara
>     United States District Judge

Date:  August 21, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 21, 2009, by electronic and/or ordinary mail.

>     s/William Barkholz
>     Case Manager